STANDARD et ux. v. MILLICAN.

No. 9500.

Court of Civil Appeals of Texas. Austin.

May 9, 1945.

Rehearing Denied May 30, 1945.

G. A. Walters, of San Saba, for appellants.

J. Mitch Johnson, of San Saba, and Wilkinson, Johnson, Griffin, & Bohannon, of Brownwood, for appellee.

BLAIR, Justice.

Appellants, Al M. Standard and his wife, sued appellee, M. E. Millican, in trespass to try title to recover about ¼ acre of land, being situated between a woven-wire fence and the south water's edge of Rough Creek. The trial to the court without a jury resulted in judgment for appellee upon his plea of title under the ten years statute of limitation.

The five assignments of appellants present the one contention that the evidence did not establish title under the ten years statute of limitation. The contention is not sustained.

J. D. Parker was common source of title. He owned the land at the point in question on both sides of Rough Creek. In 1917 he sold appellee a tract of 20 acres lying north of Rough Creek, the deed of conveyance calling for the meanders of said creek for its south boundary line. Appellee testified that when he bought the land he thought the south boundary line was a fence on the south bank of Rough Creek, which enclosed the small strip of land in controversy as a part of the 20 acres, the purpose of the fence, which had long been at that location, being to enclose the 20

acres so that livestock might water at the creek and be enclosed, and so that the pasture fence would be on the south bank of the creek, it being impossible to maintain a fence down the north side or center of the creek.

In 1919 Parker sold the tract of 15 acres south of Rough Creek to one Vaughn, who made the claim that his deed called for the meanders of said creek and that the fence was therefore not the south boundary line of appellee's tract. Appellee testified that he, Parker, and Vaughn settled the controversy at the time by oral agreement that the fence was the boundary line. In 1929 appellee tore the old fence down and reconstructed in the same place a fence composed of woven-wire at the bottom and three strands of barbed wire at the top, the barbed wire so used being taken from the old fence, which witnesses testified had been in existence since 1906 and longer. Since so fixing the boundary line in 1919 by agreement with Vaughn appellee has been in continuous, peaceable, and adverse possession of the land to the fence, using, pasturing enjoying, and paying taxes on the land, claiming it as his own. Appellants purchased a 2½-acre tract of land in 1943, which was south of Rough Creek, the field notes of which called for the meanders of said creek, and included therein the strip of land in controversy. In 1944 appellants brought this suit in trespass to try title to recover the land. At the time they purchased the 2½-acre tract they had full notice of the location of the fence, and made no inquiry of appellee as to his claim to the land enclosed by it. Except where the woven-wire fence abuts the water of Rough Creek at a point where the water is thirty or more feet wide and 22 or more inches deep and has a slick rock bottom, appellee's 20 acres was entirely surrounded by good fences, and the creek was shown to form a part of the enclosure sufficient to keep stock from going to and from the enclosure.

A predecessor in title of appellants, who knew of the fence at all times, testified that some eight or nine years prior to this suit he budded a few pecan trees on the strip of land in controversy, but this was not made known to appellee, whose witnesses testified that there were not any budded pecan trees on the tract and never had been any such trees.

The foregoing facts are entirely sufficient to support the finding and conclusion of the trial court that appellee proved a good and sufficient title under Art. 5510, the ten years statute of limitation.

The judgment of the trial court is affirmed.

Affirmed.

### On Motion for Rehearing.

Attention is called to our finding that Parker sold to Vaughn the 15-acre tract south of Rough Creek, the deed calling for the meanders of said creek. This tract was sold by Parker to one Norton. Vaughn owned another tract south of Rough Creek. Appellee testified that he at all times claimed the strip of land between the old fence line and Rough Creek; and that the old fence line was agreed upon between "me and the parties" (meaning Parker, Vaughn, Norton and himself), as the boundary line. This correction is made in the interest of accuracy. The motion for rehearing is overruled.

Overruled.